DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACKIE S. BURGER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4886

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 03-2674 CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

After he was sentenced to life in prison for nonhomicide offenses he committed as a juvenile, Jackie Burger was granted resentencing pursuant to *Graham v. Florida*, 560 U.S. 48 (2010). He appeals the sentence imposed at resentencing: fifty-five years in prison followed by terms of supervision. We agree with Burger that the sentence does not comport with *Graham*, and we reverse and remand for resentencing. Based on our reversal, Burger's ineffective assistance of counsel argument is moot.

In *Graham*, 560 U.S. at 75, the United States Supreme Court held that Florida's practice of sentencing juvenile offenders to life imprisonment for nonhomicide crimes without "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" violates the Eighth Amendment to the United States Constitution. In response to *Graham*, "[i]n 2014, the Legislature passed chapter 2014-220, Laws of Florida, which provided judicial review for juvenile offenders who were tried as adults and received more than 20 years' incarceration, with exceptions." *Johnson v. State*, 215 So. 3d

1237, 1239 (Fla. 2017). Chapter 2014-220, Laws of Florida, is codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).

Recently, in the wake of the new sentencing statutes and opinions interpreting *Graham*, the Florida Supreme Court summarized the juvenile sentencing landscape in Florida:

> [W]e must ensure that a juvenile nonhomicide offender does not receive a sentence that provides for release only at the end of a sentence (e.g. a 45-year sentence with no provision for obtaining early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term . . . .). Secondly, we must ensure that a juvenile nonhomicide offender . . . does not receive a sentence which includes early release that is not based on a demonstration of rehabilitation and maturity (i.e. gain time or other programs designed to relieve prison overpopulation). Last, we must ensure that a juvenile nonhomicide offender . . . does not receive a sentence that provides for early release at a time beyond his or her natural life (e.g. a 1,000-year sentence that provides parole eligibility after the offender serves 100 years). To qualify as a "meaningful opportunity for early release," a juvenile nonhomicide offender's sentence must meet each of the[se] three parameters . . . .

*Johnson*, 215 So. 3d at 1243.

Burger's sentence contains no provision for obtaining early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term. Therefore, it violates the Eighth Amendment. Additionally, the trial court did not sentence Burger under the new sentencing scheme for nonhomicide juvenile offenders, as it believed that the statutes did not apply to Burger based on the date of his offense. We find this to be erroneous. *See Kelsey v. State*, 206 So. 3d 5, 6, 8 (Fla. 2016) (finding that defendant whose nonhomicide crimes were committed prior to the effective date of chapter 2014-220, and whose sentence violated *Graham*, was entitled to resentencing under the provisions of chapter 2014-220); *Horsley v. State*, 160 So. 3d 393, 405 (Fla. 2015) (deciding that chapter 2014-220, Laws of Florida, should be applied to "all juvenile offenders whose sentences are unconstitutional under *Miller* [*v. Alabama*, 567 U.S. 460 (2012)]," even though the statutes contain a prospective effective date).

We therefore reverse and remand for resentencing under the

provisions of chapter 2014-220, Laws of Florida.

*Reversed and remanded for resentencing.*

GROSS and KLINGENSMITH, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**